133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos GUERRA, Defendant-Appellant.
 No. 97-50080.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 20, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carlos Guerra appeals his jury trial conviction for injuring a United States mailbox in violation of 18 U.S.C. § 1705. Guerra contends that the district court's erroneous exclusion of evidence violated his constitutional rights because he was deprived of presenting a "mere presence" defense. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 Even assuming that the excluded portions of Guerra's testimony were in fact admissible, viewed in the context of the entire trial, any error resulting from that exclusion was harmless. See Fed.R.Crim.P. 52(a); United States v. Lopez-Alvarez, 970 F.2d 583,.588-89 (9th Cir.1992). Guerra presented other testimony from which he could argue, and from which the jury could consider, his "mere presence" defense. See Lopez-Alvarez, 970 F.2d at 588-89; United States v. Perkins, 937 F.2d 1397, 1401 (9th Cir.1991). Nor do we find that the excluded evidence would have more likely than not affected the verdict. See United States v. Faust, 850 F.2d 575, 585-86 (9th Cir.1988); Lopez-Alvarez, 970 F.2d at 589. Accordingly, we affirm Guerra's conviction.
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3